# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE GUERRA, an Individual; C.T., a minor, by and through her GUARDIAN AD LITEM, LUPE GUERRA; M.T., a minor, by and through his GUARDIAN AD LITEM LUPE GUERRA; J.T., a minor, by and through his GUARDIAN AD LITEM LUPE GUERRA,<br><br>   Plaintiffs,<br><br>   v.<br><br>MADERA MANAGEMENT COMPANY, INC., a California Corporation; ANNAMARIE BROWN AS TRUSTEE OF THE RAMONA BRON SURVIVOR'S TRUST created by Trust Agreement dated September 30, 1981; and DOES 1-10, Inclusive,<br><br>   Defendants.<br>_____ | No. 1:11-cv-01488-LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS GRANTING THE PETITION TO APPROVE THE COMPROMISES OF MINORS' CLAIMS** |

## I.   INTRODUCTION

On August 10, 2012, Lupe Guerra ("Petitioner"), as the court-appointed guardian ad litem of the named minor plaintiffs in this case, Clarissa Tavarez[1], J.T. and M.T. (J.T. and M.T. are collectively referred to as the "Minors"; the Petitioner, Ms. Tavarez and the Minors are collectively referred to as the "Plaintiffs"), filed a petition to approve the proposed settlement between Ms. Tavarez, the Minors and Madera Management Company, Inc., and Anna Marie Brown, as trustee of the Ramona Bron Survivor's Trust (collectively, the "Defendants"). (Doc. 44.)  On September 5, 2012, Defendants filed a response to the Petition. (Doc. 48.)  The matter was heard on September 14, 2012. (Doc. 50.) Counsel Craig Fagan appeared telephonically on behalf of the Petitioner, Ms. Tavarez, and the Minors.  Counsel Thomas Gelini appeared in person on behalf of the Defendants. (Doc. 50.)  Having considered the Petition, the terms of the settlement, arguments presented at the September 14, 2012 hearing, as well as the Court's file, the Court finds that the proposed settlement agreement is fair and reasonable. For the reasons that follow, the Court RECOMMENDS that the Petition to Confirm Minors' Compromises BE APPROVED and GRANTED.

## II.   FACTUAL BACKGROUND

Plaintiffs' Complaint was filed on September 6, 2011.  (Doc. 1.)  Plaintiffs filed a Second Amended Complaint ("SAC") on May 2, 2012. (Doc. 38.)  Plaintiffs' SAC brings claims against Defendants under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA") and related federal and state laws.  Plaintiff's claims relate to two primary allegations: (1) Defendant's resident manager, Jose Rios, sexually harassed Ms. Tavarez; and (2) Defendants treated children and families with children differently from families without children in the enforcement of rules and regulations at the El Descanso Apartments complex.  (SAC, ¶¶ 15-22.)

On July 26, 2012, the parties attended a private mediation and agreed to settle all of Plaintiffs' claims.  Plaintiffs filed a Petition to compromise the minors' claims on August 10, 2012. (Doc. 44.) Defendants filed a response to the Petition which did not oppose the terms of the settlement, however, expressed concern over Plaintiffs' failure to address outstanding Medi-Cal lien issues with respect to

---

[1] Clarissa Tavarez has been referred to throughout these proceedings as "C.T.," a minor.  However, as of September 9, 2012, Ms. Tavarez became of majority age, and is no longer a minor.  *See,* Declaration of Lupe Guerra, Doc. 44, Attach. 2, ¶ 3.  Accordingly, the Court refers to Ms. Tavarez by her full name in this Order and does not address the Petition as to her.

2

then minor Clarissa Tavarez. (Doc. 48.) At the September 14, 2012 hearing, however, it was acknowledged and agreed to by the parties that because Ms. Tavarez was no longer a minor, her claims were no longer subject to the Petition to Compromise Minor Claims. Thus, only the claims of Minors J.T. and M.T. are discussed herein.

A.   **Terms of the Settlement**

Defendants have offered consideration in the amount of $140,000.00 in exchange for a release of all Plaintiffs' claims. Under the terms of the settlement, $23,700 will be paid to Petitioner, $66,850.00 will be paid to Clarissa Tavarez, $2,500.00 will be paid to Minor M.T., and $2,500.00 will be paid to Minor J.T. The remainder of the settlement - $44,450.00 - will paid to Plaintiffs' counsel as attorneys' fees.

Regarding the Minors' settlements, the Settlement Agreement requires Petitioner to deposit the checks in blocked accounts at a federally insured bank or credit union. No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the respective minors attain the age of 18 years. When the respective minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

### III.   DISCUSSION

A.   **Legal Standard For Compromise of Minors' Claims**

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors. Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)). Local Rule 202(b) further states that "[n]o claim by or against a minor or

incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.

In *Robidoux*, the United States Court of Appeals for the Ninth Circuit provided specific guidance "on how to conduct this independent inquiry." *Robidoux*, 638 F.3d at 1181. While the Ninth Circuit noted that district courts have typically applied state law and the local rules governing the award of attorney's fees to make the reasonableness and fairness determination, the court held that "this approach places an undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id*. The Ninth Circuit held that, instead, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

**B.      The Reasonableness and Fairness of the Settlement Amount**

The parties agree that payment of $2,500.00 to each Minor Plaintiff is reasonable. Having reviewed settlement amounts approved similar cases, this Court agrees. In *Angstman v. Carlsbad Seapointe Resort et al.,* No. 11-cv-00620-L-WMc (S.D. Cal., Aug. 30, 2011, Doc. 36), the United States District Court for the Southern District of California approved of a compromise of $750.00 to each minor child in a case where children had been subjected to similar discriminatory rules at a timeshare resort. In *Maria Gonzalez et al. V. Diversified Real Property Management,* No. 09-cv-00718-PA-RNB (C.D. Cal., Mar. 29, 2010, Doc. 76), the United States District Court for the Central District of California found that a settlement of $2,500.00 to each minor plaintiff was reasonable when the children were prohibited from using common areas at an apartment complex. In *Monroe v. Cowing Litton,* No. 11-cv-0479-CJC-MLG (C.D. Cal., Dec. 5, 2011, Doc. 33) the United States District Court for the Central District of California approved compromises of $3,500 per minor where children were prohibited from playing in the common area of an apartment complex.

Minor Plaintiffs M.T. and J.T. were not alleged to have been sexually harassed. The Minor Plaintiffs are not alleged to have suffered any physical injury, nor are they alleged to have incurred any out-of-pocket expenses as a result of the alleged FHA violation. The Minors' claims stemmed from an allegation that the El Descanso Apartments complex manager prevented them from playing outside in the common areas of the complex, in violation of the FHA. Having considered the circumstances of the Minors' claims, and comparing those circumstances to the settlements approved in other similar minor's compromise cases, the Court finds that payment of $2,500 to each J.T. and M.T. is a reasonable settlement.

### IV.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS as follows:

1. The PETITION TO COMPROMISE THE CLAIMS OF Minors M.T. and J.T. is approved. The minor plaintiffs shall receive the following by way of settlement:
   a. $2,500 to M.T.
   b. $2,500 to J.T.
2. Within 72 hours of receipt of a check payable to the order of the Petitioner as trustee for the respective Claimants, Petitioner must deposit the checks in blocked accounts at a federally insured bank or credit union.
3. Petitioner and Minors' attorney must deliver to each depository at the time of deposit a copy of this order.
4. The blocked accounts belong to minors. As to the minors, they are as follows:
   M.T.'s date of birth is 7-14-97
   J.T.'s date of birth is 4-8-02
5. No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the respective minors attain the age of 18 years. When the respective minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on

deposit is not subject to escheat.

6. The Petitioner is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

7. Bond is waived.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

To expedite resolution of these Findings and Recommendations, if the Parties do not have any objections, they should each file a "Notice of Non-Objection to Findings and Recommendations."

IT IS SO ORDERED.

Dated:   **September 17, 2012**                              /s/ **Barbara A. McAuliffe**
                                                          UNITED STATES MAGISTRATE JUDGE